NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANTZCY JANVIER; LOUISINA SAINT-JUSTE; ENZO JANVIER,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3685

Agency Nos.
A220-895-101
A220-895-150
A220-895-151

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2025**
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Frantzcy Janvier, a native and citizen of Haiti, and his wife Louisina Saint-Juste and their minor child as derivative beneficiaries, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") denial of Janvier's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted). We review agency factual findings, including credibility findings, for substantial evidence. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Such findings may be reversed "only when 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.     Substantial evidence supports the agency's adverse credibility finding. Properly considering the totality of circumstances, the agency provided "specific and cogent reasons" for its finding that Janvier lacked credibility, after giving him the chance to explain those inconsistencies. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (citation omitted); 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ based the adverse credibility finding on the ground that there was an inconsistency between Janvier's oral testimony and his written declaration and supporting documents about his grandfather's name. The IJ found that because this inconsistency was "about the very person who is the subject and the reason why [Janvier] claims he was being harmed and why he claims his entire family was harmed," it was both

material and important, and was "fatal" to his credibility. And although the IJ gave Janvier an opportunity to explain the inconsistency, the IJ found the explanation did not save his credibility. *See Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010) ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

2.     Substantial evidence also supports the agency's denial of CAT relief on the ground that Janvier has not demonstrated "that it is more likely than not that [he] will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted); 8 C.F.R. § 208.16(c)(2). He has not demonstrated how the country conditions evidence regarding violence in Haiti compels the conclusion that he would more likely than not face torture if he returns to Haiti.

**PETITION DENIED.**